UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-20012-MGC

JAIRO B. GOUSSEN, and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

MENDEZ FUEL HOLDINGS LLC, and MICHAEL MENDEZ,

        Defendants.

_____

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, through undersigned counsel, and seeks partial summary judgment on various points as follows:

**INTRODUCTION**

1. This cause includes alleged damages for overtime wages under the Fair Labor Standards Act ("FLSA"), along with a request for fees, costs and liquidated damages.

2. The parties have stipulated to FLSA enterprise coverage [DE 27] and Defendants have not challenged that the corporation is the employer (i.e. Defendants have not argued that Plaintiff was an independent contractor).

3. Plaintiff moves for partial summary judgment and asks the Court to find that Plaintiff was an employee of the individual Defendant, and that Plaintiff was not exempt under the executive, administrative, combination exemptions or learned professional exemption, and that liability has been established.

4. Summary Judgment should be granted as set forth below.

1

**MEMORANDUM OF LAW**

A.  **SUMMARY JUDGMENT STANDARD.**

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…."  *Hoffman v. Allied Corp.*, *et al.,* 912 F.2d at 1383.  *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

B.  **THE INDIVIDUAL DEFENDANT, MICHAEL MENDEZ, WAS PLAINTIFF'S FLSA EMPLOYER DURING THE RELEVANT PERIOD.**

**Michael Mendez was an Individual FLSA Employer.**

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes.  *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

Further, multiple employers may be responsible for compliance with the FLSA within one business organization.  *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965;

*Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991). Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).

Michael Mendez was the one that terminated Plaintiff's working relationship. Andrew Mendez Deposition, P5, L10-15; P10, L7-9. Michael Mendez Deposition, P23, L16-18. Michael Mendez made the final decision on hiring and firing employees. Andrew Mendez Deposition, P13, L5-10; Plaintiff's Affidavit Paragraph 13. Michael Mendez, not the Plaintiff, had the authority to fire. Ania Valdez Deposition, P8, L15-20.

Michael Mendez admitted to being the 100 percent owner of Mendez Fuel Holdings LLC and Mendez Fuel Holdings Two, LLC. Michael Mendez Deposition, P18, L20-25; P19, L1-15; P20, L6-9. Michael Mendez, with respect to the LLC Defendant, was an authorized signatory. Michael Mendez Deposition, P21, L18-21. Michael Mendez indirectly signed the payroll checks. Michael Mendez Deposition, P25, L15-17. Andrew Mendez Deposition P9, L11-13. In addition, Michael Mendez is the person with the ultimate decision-making authority over the finances of the business. Michael Mendez Deposition, P26, L25; P27, L1-4. Michael had the most authority over the finances of the business and signed checks. Dimagio Antonio Pallavicini Valenzuela Deposition, P21, L10-18. Michael Mendez and his brother Andrew Mendez were both supervisors to Plaintiff. Michael Mendez Deposition, P22, L14-16. Michael Mendez was highly involved in the day to day operations of the business including logging onto a software to see what was going on at the store. Michael Mendez Deposition P24, L2-25. In addition to Michael Mendez and Andrew Mendez, Diamagio Pallavacinni also served as the general manager and had authority over the Plaintiff. Gabriela Munoz Roca Deposition, P26, L14-25. Diamagio Pallavacinni would regularly direct the work of Plaintiff. Andrew Mendez Deposition, P7, L16-25. Michael Mendez controlled the work of Plaintiff in making sure the juice section was under control, how much to make and the inventory making up the juices and making sure there was enough meat for the empanadas. Andrew Mendez Deposition, P9, L2-10.

      Witness Jose Larios worked with Jairo Goussen at Mendez Fuel. Jose Lario's Affidavit states that Michael Mendez had his own office on Coral Way where he managed all three of his gas stations. In addition, Jose Larios states in his Affidavit that

Michael Mendez was his manager throughout his entire employment as he was always the person who made important business decisions including hiring and firing of employees. Jose Larios Affidavit Paragraph 6. In addition, witness Jose Bernabe Tello stated that he worked for and was hired by Michael Mendez for about five years. Jose Bernabe Tello Affidavit Paragraph 2. Michael Mendez was the person at the stores that had the most authority over the day-to-day operation of the business. Transcript of Dimagio Antonio Pallavicini Valenzuea, P21, L4-9.

Plaintiff's Affidavit states that Michael Mendez made all decisions regarding the Deli's inventory, he selected and determined the amount of supplies needed for the Deli as well and Plaintiff was never involved in making those decisions. Plaintiff's Affidavit Paragraph 9. Michael Mendez worked behind the deli and everywhere else. He would work around the carwash, the deli, everywhere and talked to people to make sure the whole operation was running. Carmen Flores Deposition, P36, L16-24.

### C. PLAINTIFF WAS NOT EXEMPT UNDER THE ADMINSTRATIVE, EXECUTIVE, PROFESSIONAL OR COMBINATION EXEMPTIONS.

As indicated by Defendants' Answer and Affirmative Defenses [DE 16], Defendants' have raised the administrative, executive, professional and/or combination exemptions as to the several Defendants. *See* [DE 16], Second Affirmative Defense, P3. None of the facts adduced in the case at bar supports any such exemptions, and this Court should grant summary judgment finding that none of those exemptions are applicable in this case.

As set forth above, the burden to prove an exemption is on the Defendant pursuant to a clear and affirmative evidence standard. *See Hogan* and *Klinedinst supra.*

**1. EXECUTIVE EXEMPTION.**

An employee's job title is irrelevant in determining whether he or she is exempt as an "executive" under the FLSA. *Reich v. Newspapers of New England, Inc*., 44 F.3d 1060, 1075 (1st Cir. 1995). 29 C.F.R. §541.2 expressly states: "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."

An employer must be able to show that each exempt executive employee meets every requirement of the executive exemption test. *Pezzillo v. Gen. Tel. & Electron. Inform. Sys. Inc.*, 414 F. Supp. 1257 (M.D. Tenn. 1976). An employee is subject to the executive exemption under the FLSA if the employer proves: (1) the employee earns at least $455.00 per week, (2) the employee's primary duty consists of the management of an enterprise or of a department thereof, (3) that the employee customarily and regularly directs the work of two or more other employees, and (4) the employee has authority to hire or to fire other employees. *See Ramirez v. Sharpton Brunson et al.*, 08-21739-COOKE (S.D. Fla. 9/28/09), where this Court granted that plaintiff summary judgment regarding the executive exemption. To customarily direct the work of two or more employees is a prerequisite for the executive exemption. See 29 C.F.R. 541.1 and 541.105. Defendants cannot sufficiently demonstrate such as Plaintiff disputes same per the below. *See, Secretary of Labor v. Daylight Dairy Products, Inc.*, 779 F.2d 784 (1st Circuit 1985).

Defendant would also need to meet its burden under the 80-hour rule. As stated by the First Circuit, a manager who meets the 80-hour rule only 76% of the time falls short of the requirement to customarily and regularly supervise 80 employee-hours of

work. *Secretary of Labor v. Daylight Dairy Products Inc.*, 779 F.2d 784 (1st Cir. 1985).

The courts have used two other methods in trying to reach the *80 hour rule* in trying to determine whether the executive exemption applies: whether a plaintiff-employee supervised any employees after their work shift ended, or whether they were on call after leaving work. *See Jackson v. Go-Tane Services, Inc.*, 2000 U.S. Dist. Lexis 12627 (Dist. Il. 2000). *Also see Krieg v. Pell's Incorporated*, 2002 U.S. Dist. Lexis 4861 (Dist. Indiana 2002) (eighty hour rule applies both during and after "manager's" shift.) *Also see Herman v. Harmelech et.al.*, 2000 U.S. Dist. Lexis 5523 (Dist. Il., 2000) (the employer must prove the eighty hour rule on a week by week basis rather than averaging all employees who were supervised over a broad span of time).

Plaintiff did not supervise anyone. Employee Rodger also testified that he never saw the Plaintiff supervising anybody. Facundo Roder Deposition, P11, 1-4. Plaintiff did not implement administrative policies. Plaintiff's job was to work as a cashier, cook, and customer service representative. Plaintiff's Affidavit Paragraph 4. Plaintiff's primary duties included working at the deli and cooking the food, preparation and serving the customers. Plaintiff's Affidavit Paragraph 5. Plaintiff's primary duties were not concerning the management of the gas station nor any department thereof. Plaintiff's Affidavit Paragraph 7. In addition, during Plaintiff's time working he was never a manager. He was never included in any of the manager meetings. Plaintiff's Affidavit Paragraph 8. Jose Lario's Affidavit Paragraph 9. Jose Bernabe Tello Affidavit Paragraph 7. Plaintiff never had an operational or administrative role. Michael Mendez was ultimately in charge of deciding all the supplies needed for the deli and Plaintiff was not involved. Plaintiff's Affidavit Paragraph 9. In addition, Plaintiff had to check with

Michael Mendez when ordering things for the deli. Gabriela Munoz Roca Deposition, P18, L1-23. Plaintiff never directed the work of two or more employees and Plaintiff did not have authority to set their schedules nor order them to perform daily tasks. Plaintiff's Affidavit Paragraph 12. Jose Bernabe Tello Affidavit Paragraph 7. As stated above, all final decisions on hiring were done by Michael Mendez. Plaintiff's supervisor was Michael Mendez. Dimagio Antonio Pallavicini Valenzuela Deposition, P7, L15-17. In addition to controlling Plaintiff's schedule, Michael Mendez also controlled the schedule of Kelen Pamela Hernandez as he demanded certain tasks were completed at a particular hour. Kelen Pamela Hernandez Affidavit Paragraph 2 and 5. Affidavit of Jose Bernabe Tello Paragraph 4. Former employee Hernandez worked with Plaintiff and to her knowledge Plaintiff never had managerial duties. Kelen Pamela Hernandez Affidavit Paragraph 9.

Differing employees trained new employees including Plaintiff, Lisette and Carmen. Gabriela Munoz Roca Deposition, P8, L1-17. After the three month training period, Plaintiff did not need to supervise anymore. Gabriela Munoz Roca Deposition, P13, L6-10. Plaintiff's primary duties did not involve exempt job duties. Once employees knew how to do their jobs they would basically be able to do most of the tasks without the Plaintiff's involvement and once trained could do the work independently. Carmen Flores Deposition, P10, L23-25; P11, L1-9. Plaintiff's primary duties did not involve exempt job duties. Plaintiff's duties were never related to managerial policies and all of Plaintiff's duties were supervised by Michael Mendez, his brother Andrew Mendez or Dimagio Pallavacinni. Plaintiff's Affidavit Paragraph 14. Plaintiff's primary duty overall was to take care of the juices and the food. Andrew Mendez Deposition, P8, L20-23.

**2. ADMINISTRATIVE EXEMPTION.**

The facts in this case demonstrate Defendants are not entitled to the administrative exemption. To qualify for the administrative exemption, Defendants must show Plaintiff's primary duty related to "management policies or general business operations", that Plaintiff regularly exercised "discretion and independent judgment", that he executed special assignments under only general supervision, and that Plaintiff's tasks were "directly and closely related" to administration of the Defendants' business. *Hogan et al. v. Allstate Insurance Company*, 361 F.3d 621, 626 et seq. (11th Cir. 2004). Primary duty is an element under both the long and short test. *Id. See also, Gottlieb v. Construction Services & Consultants, Inc.*, 2006 U.S. Dist. LEXIS 97446 (S.D. Fla. 2006). There are no facts presented in this matter that Defendants can point to demonstrating the administrative exemption.

Plaintiff did not implement administrative policies. Plaintiff's job was to work as a cashier, cook, and customer service representative. Plaintiff's Affidavit Paragraph 4. Plaintiff's primary duties included working at the deli and cooking food, preparation and serving the customers. Plaintiff's Affidavit Paragraph 5. Plaintiff's primary duties were not concerning the management of the gas station nor any department thereof. Plaintiff's Affidavit Paragraph 7. Plaintiff never had an operational or administrative role.

Plaintiff's primary duty overall was to take care of the juices and the food. Andrew Mendez Deposition, P8, L20-23. Plaintiff spent most of his time making the juice and assisting the customers. Lisette Medrano Deposition, P16, L6-10. Plaintiff never had to find a special way to make the process more efficient for the juices and it was Michael Mendez who purchased more equipment to make the juicing process more

9

efficient. Valenzuela Deposition, P24, L3-10. The Plaintiff did not change the procedures as everything was the same always. Carmen Flores Deposition, P31, L21-24. The Plaintiff was not given any sort of special projects or anything to be changed as to how the deli was run. Valenzuela Deposition, P23, L2-5.

### 3. PROFESSIONAL EXEMPTION.

As set forth above, the burden to prove an exemption is on the Defendant pursuant to a clear and affirmative evidence standard. *See Hogan* and *Klinedinst supra.* "To qualify for the learned professional exemption, an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. This primary duty test includes three elements." 29 C.F.R. § 541.301(a). Those (3) elements include: "(1) [t]he employee must perform work requiring advanced knowledge; (2) [t]he advanced knowledge must be in a field of science or learning; **and** (3) [t]he advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.301(a)(1)-(3)(emphasis added).

With respect to the learned professional exemption, "an employee is not an exempt professional unless his work requires knowledge that is customarily acquired after a prolonged course of specialized, intellectual instruction and study." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 206 (2d Cir. 2009). Consequently, the Court in the case at bar must determine whether Plaintiff's job with the Defendant required him to actually utilize knowledge customarily acquired by an advanced educational degree. As stated, the evidence shows above that Plaintiff was essentially working as a cashier and

as a deli worker. Plaintiff's job was routine work which others, without and advanced educational degree, could and did regularly perform.

Recognized fields of science and learning include "traditional professions of law, medicine, theology, accounting, actuarial computation ... and other similar occupations that have a recognized professional status," but exclude "skilled trades where in some instances the knowledge is of a fairly advanced type, but is not in a field of science or learning." *Kadden v. VisuaLex, LLC*, 11 CIV. 4892 SAS, 2012 WL 4354781 (S.D.N.Y. 2012).

Analogously, as the Eleventh Circuit stated in *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1565 (11th Cir. 1991)(emphasis added), "the determinative factor is the job requirement and not the education in fact acquired by the employee. The job description of the position which Dybach occupied could have been satisfied, according to the trial testimony of the personnel director of the department-employer, by a B.A. degree in "nuclear physics, or be in corrections, or be in physical education, or basket weaving." The facts in the instant case show that Plaintiff performed functions that rendered his position outside the professional exemption.

Jose Larios and Kelen Pamela Hernandez both stated that Plaintiff was never in a position with the Defendants that required him to have some sort of talent, imagination, or advanced education for his position. Affidavit of Jose Larios Paragraph 7. Affidavit of Kelen Pamela Hernandez Paragraph 7. The Plaintiff did not have any particular education with regard to his position with the Defendants. Michael Mendez Deposition, P54, L16-19. The Plaintiff did not need to have any type of special education or professional certification. Valenzuela Deposition, 23, L6-10. In addition, his degree from Nicaragua

had nothing to do with him getting hired. Michael Mendez Deposition, P55, L3-7. Lastly, witness Andrew Mendez stated at his deposition that Plaintiff did not ever have to have any type of particular education or get advanced knowledge in any educational areas. Andrew Mendez Deposition, P16, L11-17.

**4. COMBINATION EXEMPTION.**

In *Kadden v. VisuaLex, LLC*, 11 CIV. 4892 SAS, 2012 WL 4354781 (S.D.N.Y. 2012), the court explained the "combination exemption" as follows: "[e]mployees who perform a combination of exempt duties as set forth in the regulations ... may qualify for exemption. In other words, an employee performing duties that fall under more than one individual exemption, none of which separately represents her primary duty, may be exempt under the combination exemption if those duties, when combined, constitute her primary duty. The combination exemption provides an alternative method for satisfying the primary-duty test, without abrogating the other requirements needed for the exemption to attach." Plaintiff refers to his other arguments above as to why the executive, administrative, and professional exemptions cannot apply. Thus, because none of the exemptions apply, it cannot be argued that Plaintiff's duties can somehow be pieced together to argue that Plaintiff's primary duty was exempt—his primary duty did not involve exempt activities.

**D.     LIABILITY HAS BEEN ESTABLISHED**

Plaintiff was seen working more than 40 hours a week by co-worker Jose Tello. Jose Bernabe Tello Affidavit Paragraph 6. Owner and manager, Defendant Michael Mendez made it clear in his deposition that the Plaintiff was not paid time and a half overtime pay as he was a salaried employee. Michael Mendez Deposition, P60, L14-18.

12

In addition, Defendants' answer alleges in affirmative defense number two that Plaintiff was paid a salary [D.E. 16]. In addition, the Defendants had a habit of not paying time and a half to their employees. For instance, Lisette Medrano testified that she worked more than 40 hours a week in the store and was not paid time and a half. Lisette Medrano Deposition, P14, L3-15. Employee Carmen Flores also worked more than 40 hours per week and was not paid time and a half. Carmen Flores Deposition, P22, L15-25; P23, L1-25; P24, L1-11. Employee Ania Valdez was also never properly paid time and a half. Ania Valdez Deposition, P9, L18-25; P10, L1-24.

WHEREFORE, THE PLAINTIFF REQUESTS THE COURT GRANT PARTIAL SUMMARY JUDGMENT, AND FIND THAT: (1) PLAINTIFF WAS AN FLSA EMPLOYEE OF THE INDIVIDUAL DEFENDANT MICHAEL MENDEZ AND THEREFORE SHOULD BE FOUND JOINTLY AND SEVERALLY LIABLE ALONG WITH THE CORPORATE DEFENDANT; AND (2) PLAINTIFF WAS NOT EXEMPT UNDER THE EXECUTIVE, ADMINISTRATIVE, PROFESSIONAL, OR COMBINATION EXEMPTIONS; AND (3) LIABILITY HAS BEEN ESTABLISHED, AND THEREFORE THE MATTER CAN PROCEED TO A DAMAGES TRIAL AS AT LEAST SOME AMOUNT OF OVERTIME IS OWED TO THE PLAINTIFF.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**


**BY:___/s/___Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 6/22/18 TO:

**ALL CM/ECF RECIPIENTS**

**Susan Elizabeth Klock**
Rasco Klock Perez Nieto, P.L.
2555 Ponce De Leon Blvd, Suite 600
Coral Gables, FL 33134
305-476-7100
Email: sklock@rascoklock.com

**BY:___/s/___Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**