UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-20012-MGC

JAIRO B. GOUSSEN, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

MENDEZ FUEL HOLDINGS LLC,
and MICHAEL MENDEZ,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT, WITH INCORPORATED
MEMORANDUM OF LAW AND STATEMENT OF DISPUTED FACTS**

Defendants Mendez Fuel Holdings LLC ("Mendez Fuel") and Michael Mendez (collectively, "Defendants"), respond to Plaintiff Jairo Goussen ("Goussen")'s Motion for Partial Summary Judgment, filed on June 22, 2018 [D.E. 31].

**PRELIMINARY STATEMENT**

Goussen would have been well served by following the advice of now deceased U.S. Senator Daniel P. Moynihan, when he penned his motion: "*Everyone is entitled to his own opinion, but not his own facts.*" Instead, he *tip toes* the line of ethics by claiming that certain facts are "undisputed," when he clearly knows otherwise, apparently ignoring the mandate of presenting undisputed facts. As the record shows, there were ten individuals deposed during the discovery period, with the record showing that Goussen's role at the corporate defendant's gas station is very disputed, as are the facts which Plaintiff's argues establish that Michael Mendez is an individual employer under the FLSA. The collection of

1

testimony also reflects a genuine issue of material fact as to whether any liability has been established for Plaintiff under the FLSA.

Nevertheless, incredulously, Gousen appears to be urging a new standard, that the Court ought only look at facts which he believes are material and in support of his Motion for Partial Summary Judgment, and disregard the testimony of every single other witness who was deposed that shows that the material facts are in dispute. Unfortunately for Goussen, that is not the law, and courts are not free to disregard testimony that clearly shows that material facts are in dispute.

ARGUMENT

I. SUMMARY JUDGMENT IS INAPPROPRIATE BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE.

Goussen's motion violates the cardinal rule of summary judgment jurisprudence, that such a remedy is only when a moving party demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual disputes are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it might affect the outcome of the suit under the governing substantive law. *Id.* at 247.

In *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), the Supreme Court explained that "when assessing whether the movant has met this burden, a court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion." If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Clemons v. Dougherty Cnty.*, 684 F.2d 1365, 1368–69 (11th Cir.1982).[1]

---

[1] The standard for summary judgment is echoed under Florida law. *See Medina v. Yoder Auto Sales, Inc.*, 743 So. 2d 621 (Fla. 2d DCA 1999) (holding that summary judgment is improper if the record raises the slightest doubt that a factual issue might exist).

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Clemons*, 684 F.2d at 1368–69; *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013)("when conflicts arise between the facts evidenced by the parties, they must credit the nonmoving party's version.").

Here, it is inconceivable that Goussen reasonably believed that summary judgment is appropriate – too many material facts are in dispute.

1. It is a disputed material fact that Michael Mendez is an individual employer under the FLSA based on his activities at Mendez Fuel Holdings, LLC. By way of example, it is disputed that Michael Mendez personally runs the day to day operations of Mendez Fuel Holdings, LLC.

2. Goussen's role while employed at Mendez Fuel Holdings, LLC, is disputed by the parties and the testimony of the individuals deposed and the three additional non-party affidavits that Goussen submitted with his Partial Motion for Summary Judgment make it clear that his role is in dispute. Goussen's role is material and crucial to any determination of "exempt" status. Specifically, the Defendants and over eight deposed individuals (most of whose testimony was cited by Goussen) testified that Gousen was the manager of the deli during his employment, whose work included but was not limited to: setting for the work schedules of the employees in the deli, placing orders for the deli, hiring and training deli employees, and supervising the work of the deli employees.

3. Testimony that demonstrates that these material facts in dispute includes, but is not limited to the following (Statement of Material Facts in Dispute):

    a. Michael Mendez Deposition, D.E. 32-1,

        i. Mendez Fuel Holdings, LLC, operates a gas station and deli at 3201 Coral Way. M. Mendez Aff. ¶ 2.

ii. The only "office" at 3201 Coral Way is a converted closet that has a small desk, phone, computer, and printer, which I utilize as the owner of Mendez Fuel Holdings, LLC. Managers do not have their own offices. M. Mendez Aff. ¶ 4.

iii. The operations of 3201 Coral Way were split up: (1) the deli and (2) the general store, with each section having a different manager. M. Mendez Aff. ¶ 5.

iv. Michael Mendez would have a meeting with the general store manager separately from any meeting with the deli manager. These meetings with the general store manager were solely regarding the general store operations. M. Mendez Aff. ¶ 6.

v. Michael Mendez would have a meeting with Goussen as manager of the deli, separately, and these meetings were solely regarding the operations of the deli. M. Mendez Aff. ¶ 7.

vi. Goussen was the deli manager at 3201 Coral Way. 9:9-20.

vii. While Goussen was employed as manager of the deli, Dimagio Pallavacini Valenzuela ("Pallavacini") was employed as the store manager. Pallavacini did not have any authority over the deli or the employees who worked in the deli. M. Mendez Aff. ¶ 8.

viii. Michael Mendez's main contact with managers related to fuel levels, fuel pricing, and maintenance. 24:22-25:1; 53:23-25.

ix. Managers place their own inventory orders. 25:5-6.

x. Payroll is automated through ADP. 25:15-17.

xi. Every manager has the authority to hires or dire, dictate if they feel somebody needs a raise or not. 26:6-8.

xii. Every manager handles their own schedules. 29:12-13; 57:12-15; 58:16-20.

xiii. Goussen received a weekly salary of $400 via direct deposit and $250 in cash

4

for his employment at 3201 Coral Way. 31:12-16; M. Mendez Aff. ¶ 8.

    xiv. Goussen was paid $10.00 per hour, in cash, for any time worked at 701 NW 72nd Ave. 31:17-32:2.

    xv. Employees are kept at 40 hours or below, and if they work over 40, they are paid time and a half. 32:18-33:8.

    xvi. Goussen supervised over a handful of employees. 39:22-40:2.

    xvii. Goussen's duties were primarily managerial in nature. Goussen customarily directed and supervised the work of two or more employees at the deli, devised the schedule of the deli employees, conducted inventory of the deli, trained deli employees, ordered some of the supplies at the deli, and had the authority to hire and fire employees. M. Mendez Aff. ¶ 10.

    xviii. Goussen interviewed potential employees and hired them, and had authority to fire them. 42:22:43:10.

    xix. Goussen spent most of his time delegating tasks. Other than than, he managed the deli area, making sure that the inventory was correct, handling the employees, and making sure the deli is running. 43:24-44:6.

       i. Goussen gave operational directives within the group of employees that he managed and had free reign to determine the most efficient way to operate the deli. 51:5-52:10.

       ii. Both 3201 Coral Way and 701 NW 72nd Avenue have posters hanging that reference overtime laws. 60:19-22.

       iii. Goussen was the only deli supervisor and would leave instructions and task lists for the employees on other shifts. 61:20-62:7.

       iv. Goussen ordered most supplies from paper goods to produce, deli meats, etc. 63:15-18.

      v.    Kellen Pamela Hernandez ("Hernandez") quit her job at Mendez Fuel Holdings, LLC, in 2015, and sought employment elsewhere. When Hernandez quit, Goussen became the manager of the deli. Hernandez returned in 2017, asking for re-employment. As Goussen had been the deli manager since Hernandez quit and no other managers were being hired, when she became re-employed, she was paid at a lower rate than Goussen, which was lower than her salary before she quit. Hernandez quit again after a few days. M. Mendez Aff. ¶ 12.

      vi.    Jose Bernabe Tello ceased working at Mendez Fuel Holdings, LLC, in 2017. During his employment he did not work at the deli and had not reason to be involved in the daily operations of the deli, including but not limited to having any knowledge about employee schedules, managerial authority of the deli, or any knowledge of any meetings that I had with Goussen as a manager of the deli. M. Mendez Aff. ¶ 13.

      vii.    Jose Larios ("Larios") ceased working at Mendez Fuel Holdings, LLC, in July 2016. Larios did not work with Goussen at the deli during his employment. M. Mendez Aff. ¶ 14.

      viii.    Facundo Roger Quintero ("Roger") was and still is employed as the manager of a gas station operated by Mendez Fuel Holdings 2, LLC. Roger never worked at the 3201 Coral Way deli with Goussen. During Goussen's brief time working as a cashier for Mendez Fuel Holdings 2, LLC, Roger was Goussen's supervisor at the NW 72 Avenue gas station. M. Mendez Aff. ¶ 15.

b. Andrew Mendez Deposition, D.E. 32-3

    i.    Goussen was the deli manager. 5:23-25.

6

ii. Michael Mendez's main focus was the gasoline sales. Jairo controlled the deli and its employees, and the other manager controlled the remaining employees. 6:19-24.

iii. Neither Andrew Mendez nor Valenzuela regularly directed Goussen's work. 7:12-14.

iv. Andrew Mendez's deli involvement was limited to the beer sales. 7:23-8:4.

v. Goussen trained deli employees. 11:24-12:3; 19:22-24.

vi. Goussen placed orders directly with vendors. 19:25-20:16.

vii. When Michael Mendez was at 3201 Coral Way, he was typically back in the office, not walking the floor of the store or around the gas pumps. 20:17-24.

viii. Michael Mendez received complaints about Goussen's managerial tactics not just from employees, but from customers as well. 21:4-22:5.

c. Ania Valdez Deposition, D.E. 32-5

i. Goussen was the manager of the deli. 5:16

ii. Goussen assigned tasks and chores to deli employees, including making lists for employees to complete both during his shift and for employees on later shifts. He also made the schedule for the employees at the deli. 7:12-23; 11:18-20; 11:25-12:3.

iii. Goussen interviewed potential employees and hired them. 7:24-8:14.

iv. Goussen would make firing recommendations to Michael Mendez. 8:23-25.

d. Gabriela Munoz Roca Deposition, D.E. 32-6

i. Goussen was the manager of the deli when Roca started, and there were no other deli managers. 6:6-11.

ii. Goussen interviewed and hired Roca. 17:7-17.

iii. Goussen trained Roca. 8:8-11.

      iv. Goussen and Roca worked together from 9:00am-2:00pm on four days that they worked together. The fifth day (Friday), Goussen worked in the afternoon from 2:00pm-10:00pm. 10:5-25.

      v. Goussen directed the deli employees' tasks, including setting the work schedule. 12:9-19; 16:20-17:3.

      vi. Goussen was not primarily involved in cooking and food preparation, but rather creating the menus, handling the teas and food related issues. 19:23-20:17.

      vii. Goussen disciplined employees. 20:18-21:9.

      viii. Goussen placed orders for the deli with vendors. 29:13-21.

      ix. When Michael Mendez was at the station he was in the back office, and Roca did not witness him overseeing the operations of the business. 14:4-24.

      x. Roca was paid overtime whenever she worked overtime. 16:7-13.

  e. Carmen Flores Deposition, D.E. 32-9, 12:9.

      i. As a deli employee, Flores followed the listed instructions and tasks left for her by Goussen who exercised authority over the other employees. 6:19-23; 10:19-22; 13:15-17, 15:11-12.

      ii. Valenzuela did not have authority over Goussen. 19:1-4.

      iii. Gouseen trained Flores. 6:24-7:4.

      iv. Goussen interviewed potential employees and was responsible for hiring. 11:17-12:20.

      v. Andrew Mendez's involvement in the deli was limited to instructions on beer sales. Andrew Mendez did not have any involvement in setting the employees' schedules. 26:6-22.

      vi. Goussen would yell at other deli employees in front of customers if he did not like the way they were working. 32:7-13.

      vii. After a deli employee was trained, Goussen was still their supervisor, giving instructions to the employees, and making lists of tasks for them to complete. 34:22-35:16.

      viii. Goussen made the schedule for the deli employees. 37:3-4.

  f. Facundo Roger Quintero Deposition, D.E. 32-10.

      i. Goussen was the deli manager at 3201 Coral Way. 8:12.

      ii. Goussen was a cashier at 701 NW 72nd Avenue. 9:12-14.

      iii. Goussen worked at the NW 72nd Avenue location on Tuesdays from 2:00pm-10:00pm, and was paid $10.00 per hour. 9:21-10:1.

      iv. Quintero was Goussen's supervisor at the NW 72nd Avenue location only. 10:9-13.

      v. Quintero was not present during Goussen's entire shift at the NW 72nd Avenue location and there were no other supervisors at that location. 10:14-20.

  g. Dimagio Pallavacini Valenzuela Deposition, D.E. 32-11,

      i. Valenzuela was not Goussen's supervisor. Goussen was the manager of the deli, and Valenzuela was the manager of the store. 6:1-22

      ii. Roger Facundo Quintero was Goussen's supervisor at Mendez Fuel Holdings 2, LLC, at the NW 72nd Avenue gas station. Quintero did not have any management of supervisory duties at 3201 Coral Way. 7:21-8:1.

      iii. Valenzuela never witnessed Goussen being reprimanded by Michael Mendez. 8:2-5.

      iv. Goussen was paid $250.00 cash each week in addition to his direct deposit pay, as part of his manager's salary. 11:12-23.

      v. Goussen spent most of his time preparing instructions for the other deli employees and ordering supplies for the deli from vendors. 14:11-25, 25:7-

26:7.

    vi. Goussen hired and fired deli employees. 16:6-17:2, 18:5-19:4.

    vii. Goussen mde the schedule for the deli employees. 23:19-21.

h. Lisette Medrano Deposition, D.E. 32-13:

    i. Goussen was the manager of the deli, supervised and directed employees as to what their responsibilities were, and disciplined them for non-compliance with his directives. This included making lists of jobs and making the schedule for the deli employees. 6:20-7:15, 17:9-16.

    ii. Goussen did not have a supervisor. 13:10-14.

    iii. Goussen hired Medrano to work in the deli, 14:6-8.

    iv. Goussen had the authority to hire and fire, and informed his subordinates of that authority. 9:25-11:8.

i. Deposition of Argenis Martinez

    i. Martinez was working as a cashier in the gas station store until Goussen moved him over to the deli. 6:10-12.

    ii. When Martinez was a cashier at the gas station store, Dimagio Pallavacini was his supervisor. When Martinez was moved over to the deli, Goussen was his supervisor. 13:23-14:3.

    iii. Goussen was the manager of the deli, trained Martinez, and was fully in charge of the operations of the deli. 6:4-7, 13-20; 8:1-5.

    iv. Dimagio Pallavacini did not supervise deli employees. 7:21-23.

    v. Michael Mendez did not supervise deli employees. 7:25-8:1.

    vi. Martinez received overtime pay for any time he worked over 40 hours in a week. 12:9-16.

    vii. Goussen would interview potential employees, and made the hiring and

training decisions for the deli. 15:4-22.

    viii. As manager of the deli, Goussen was also responsible for preparing the work schedule for deli employees, ensure the deli area was clean, order the deli inventory, preparing food for the deli, and directing the work of the deli employees. 17:23-18:21; 18:25-19:7; 19:19-20:6.

    ix. Martinez ended up leaving the deli and returning to work as a cashier at the gas station store where he no longer had to work under Goussen, who created a tiring and stressful environment. 21:7-21.

j. Deposition of Catherine Ferrera

    i. When Ferrera began as an independent contractor for Mendez Fuel Holdings, LLC, Goussen was in charge of the deli. 7:17-19.

    ii. Goussen trained Ferrera. 7:25.

    iii. When Goussen was training Ferrera, she would arrive at 7am, when Goussen arrived. After training, Ferrera would go to the deli at a time that was more efficient, including but not limited to 4am. 9:16-23.

    iv. Goussen spent the majority of his time on inventory and dictating the duties of what needed to be done to deli employees. 10:18-24; 11:15-19.

    v. Goussen routinely supervised two other employees during his shift, and then would leave lists of instructions & tasks for employees who would be on later shifts. 12:5-19.

    vi. Goussen disciplined deli employees, including but not limited to belittling them, talking negatively about them, using his managerial authority to dominate the other deli employees. 12:20-25.

    vii. Ferrera never witnessed anyone else exercise authority over Goussen. 13:17-19.

11

       viii.   During Goussen's employment there was no one else in the deli who would be considered a manager. 16:2-5.

**A. It is Disputed that Michael Mendez was Goussen's Individual Employer.**

In *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012), this Court opined that "in determining whether a party is an employer, courts have long assessed the economic reality of the relationship between the employee and the alleged employer." *Baltzley v. Berkley Group, Inc.,* 2010 WL 3505104, at *3 (S.D.Fla. Sept. 3, 2010) (Altonaga, J.). "The economic reality test suggests an employee-employer relationship may exist where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records." *Id.* "Whether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1161 (11th Cir.2008). As referenced above, there are material facts in dispute as to Michael Mendez's role in the daily operations of Mendez Fuel Holdings, LLC, that preclude the Court granting Partial Summary Judgment as to this point.

**B. Goussen's Role at Mendez Fuel Holdings, LLC, and Therefore His Exempt Status, Is Disputed by the Parties and the Testimony Reflected in Affidavits & Deposition Transcripts, As Well As the Pleadings, Reflect That There Are Genuine Issues of Material Fact In Dispute**

The FLSA exempts from its overtime pay requirements "any employee employed in a bona fide executive, administrative, or professional capacity." See 29 U.S.C. § 213(a)(1); see also *Avery v. City of Talladega,* 24 F.3d 1337, 1340 (11th Cir.1994).

The Code of Federal Regulations defines executive employees as those (1) who receive compensation "of not less than $455 per week"; (2) whose "primary duty" is the management of the enterprise in which the employee is employed or of a customarily recognized department thereof; (3) who customarily and regularly direct the work of two or

more other employees; and (4) who have the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given "particular weight." 29 C.F.R. § 541.100(a). It is clear from the affidavits and deposition testimony that there are genuine issues of material fact as to Goussen's role at Mendez Fuel Holdings, LLC, and whether his role created an exempt status.

As referenced above, ten individuals testified that Goussen was the manager of the deli, that he hired, fired, and supervised the employees of the deli, was responsible for creating the schedule of the deli employees, was responsible for maintaining and ordering inventory for the deli, and was overall responsible for the operations of the deli. Plaintiff's supplied affidavits of Jose Larios, Jose Tello, and Kelen Hernandez, do not remedy the issues in dispute, particularly since Larios and Tello did not work at the deli with Goussen, and Hernandez quit working at Mendez Fuel Holdings, LLC, prior to Goussen becoming the manager of the Deli. Michael Mendez Affidavit, ¶¶12-14.

### C. Liability Has Not Been Established

The only material fact not in dispute is that Plaintiff received a salary of more than $455.00 per week, and this is insufficient to establish liability under the FLSA.

### D. Regardless of the Outcome at Partial Summary Judgment, His Claims is Barred For Any Overtime Compensation Outside of Two Years Due to the Applicable Statute of Limitations

FLSA actions are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). The instant action was filed on January 2, 2018, therefore, at least a portion of Mr. Goussen's FLSA claim is subject to the statute of limitations. In the Complaint, Mr. Goussen seeks to invoke the exception which extends the statute of limitation period to three years from two. This exception allows for such an extension when a defendant's violation of the FLSA is willful. *Id*. However, paragraph 15 of the Complaint is insufficient to defeat Summary Judgment as to the element of "willfulness" and even after Plaintiff's counsel's

13

deposition of ten witnesses, Plaintiff will fail in providing any evidence to meet the "willful" threshold to survive Summary Judgment. The standard for willfulness under the FLSA is quite high:

> [I]f an employer's FLSA violations stem from mere negligence or from actions that are unreasonable but not 'reckless,' the employer's liability for compensatory damages is limited to no more than two years. Similarly, the mere fact that the employer knows the FLSA is 'in the picture' is not dispositive of willfulness, and a mere lack of prudence is insufficient to support a finding of willfulness. The plaintiff has the burden to demonstrate reckless disregard in order to extend the statute of limitations.

*Henderson v. Payless Shoes,* No. CV204–70, 2006 WL 346467, at *7 (S.D.Ga. Feb.14, 2006) (citation omitted).

## **CONCLUSION**

There are substantial disputed material facts regarding to (1) whether Michael Mendez was an individual employer under the FLSA, (2) whether Goussen's role at Mendez Fuel Holdings, LLC, constituted an exempt position, and (3) whether liability has been established. Therefore, the Defendants respectfully request that this Court deny Plaintiff's Motion for Partial Summary Judgment, and grant any other relief this Court deems just and proper.

**Dated**: July 6, 2018

                                       Susan E. Klock., Esq., FBN 41294
                                       sklock@rascoklock.com
                                       RASCO KLOCK PEREZ & NIETO
                                       2555 Ponce De Leon Blvd., Suite 600
                                       Coral Gables, Florida 33134
                                       Telephone: 305.476.7100

                                       By: */s/ Susan E. Klock*
                                                  Susan E. Klock

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2018, I have filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel and parties of record on the attached Service List either in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Susan E. Klock*
      Susan E. Klock

## SERVICE LIST

**Via CMF/ECF Notice**

Jamie Harrison Zidell, Esq.
J.H. ZIDELL P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
zabogado@aol.com

7

Rasco Klock Perez & Nieto, P.L., 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134, Telephone: (305) 476-7100