UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:18-CV-20012-MGC

JAIRO B. GOUSSEN, and all others similarly )
situated under 29 U.S.C. 216(b), )
)
                 Plaintiffs, )
vs. )
)
MENDEZ FUEL HOLDINGS LLC, and )
MICHAEL MENDEZ, )
)
                 Defendants. )
_____ )

**PLAINTIFF'S REPLY TO RESPONSE TO MOTION
FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, through undersigned counsel, and reply to [DE 33] as follows:

**PRELIMINARY STATEMENT**

Defendants' personal attacks against Plaintiff and Plaintiff's counsel are unsubstantiated, inflammatory, and false. Plaintiff in no way tip toed the line of ethics in drafting the Motion for Partial Summary Judgment.

**MEMORANDUM OF LAW AND ARGUMENT**

**A. THE INDIVIDUAL DEFENDANT, MICHAEL MENDEZ, WAS PLAINTIFF'S FLSA EMPLOYER DURING THE RELEVANT PERIOD.**

Plaintiff refers to the case law cited in their Motion, and the facts clearly establish that Defendant Mendez was the Plaintiff's individual FLSA employers as alleged. The facts in this case overwhelmingly demonstrate that Plaintiffs' Motion should be granted.

On page 12 of their response [DE 33], Defendants have cited to case law that

1

states that the focus of determining whether there is an employee-employer relationship is to focus on circumstances of the whole activity. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008). Defendant Michael Mendez runs the day to day operations of Mendez Fuel Holdings LLC and is the Plaintiff's FLSA employer during the relevant period. Defendant Michael Mendez had financial control over the LLC and he always was the person who made important business decisions including hiring and firing of employees. Dimagio Antonio Pallavicini Valenzuela Deposition, P21, L10-18. The control Michael Mendez had over the operation of the business, on a whole, proves that he was the FLSA employer of Plaintiff.

In light of the relevant case law cited in the Motion, the said facts clearly establish Defendant Mendez was Plaintiff's individual FLSA employer. Moreover, liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

B. **PLAINTIFF WAS NOT EXEMPT UNDER THE ADMINISTRATIVE, EXECUTIVE, PROFESSIONAL OR COMBINATION EXEMPTIONS.**

Plaintiff is not exempt under the administrative, executive, professional or combination exemptions. An employee is subject to the executive exemption under the FLSA if the employer proves: (1) the employee earns at least $455.00 per week, (2) the employee's primary duty consists of the management of an enterprise or of a department thereof, (3) that the employee customarily and regularly directs the work of two or more

other employees, and (4) the employee has authority to hire or to fire other employees. *See Ramirez v. Sharpton Brunson et al.*, 08-21739-COOKE (S.D. Fla. 9/28/09), where this Court granted that plaintiff summary judgment regarding the executive exemption.

Plaintiff's primary duties were not those of management of an enterprise or of a department thereof and Plaintiff did not have the authority to hire or fire other employees. Plaintiff's primary duties included working at the deli and cooking food, preparation and serving the customers. Facundo Rodger, Jose Larios, Jose Tello, Gabriela Munoz Roca, Andrew Mendez, Michael Mendez, and Dimagio Antonio all have testimony that expresses that it was in fact Defendant Michael Mendez who was in charge as Plaintiff did not supervise, manage, or make final decisions on the hiring and firing of employees.

Numerous employees trained new employees and after the three month training period, Plaintiff wouldn't have to supervise anymore. All of the managerial policies and Plaintiff's duties were supervised by Defendant Michael Mendez.

### C. LIABILITY HAS BEEN ESTABLISHED

Defendants agree that the Plaintiff received a salary. In addition, Plaintiff was seen by other co-workers working more than forty (40) hours a week. Lastly, witnesses and co-workers Lisette Medrano, Carmen Flores, and Ania Valdez all worked overtime for the Defendants and did not receive time and a half pay.

### D. PLAINTIFF'S CLAIM IS NOT BARRED FOR OVERTIME COMPENSATION OUTSIDE OF TWO YEARS DUE TO THE APPLICABLE STATUTE OF LIMITATIONS

The Defendants willfully violated the FLSA by failing to pay numerous employees time and a half for all hours worked over 40. The issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court. As

Judge Dimitrouleas stated in *Morrison v. Quality Transport Services*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "the issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (citing *Fowler v. Land Mgmt. Group, Inc.*, 978 F. 2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); see also *Pabst v. Oklahoma Gas & Electric Co.,* 228 F. 3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County,* 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129 (M.D. Fla. Jan. 17, 2017)("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005). Reviewing the evidence submitted by the parties the Court concludes that issues of fact exist which should be determined as fact questions for the jury."

There is testimony by Lisette Medrano, Carmen Flores, and Ania Valdez that these employees were improperly paid according to the FLSA. Lisette Medrano Deposition, P14, L3-15, Carmen Flores Deposition, P22, L15-25; P23,L1-25; P24, L1-11, Ania Valdez Deposition, P9, L18-25; P10, L1-24. In addition, Defendants reference Michael Mendez's deposition testimony that Defendants had posters hanging that reference overtime laws. The fact there were posters referencing applicable overtime laws further establishes that Defendants willfully violated the FLSA provisions as they were on notice when posting the signs.

WHEREFORE, THE PLAINTIFF REQUESTS THE COURT GRANT PARTIAL SUMMARY JUDGMENT, AND FIND THAT: (1) PLAINTIFF WAS AN FLSA EMPLOYEE OF THE INDIVIDUAL DEFENDANT MICHAEL MENDEZ AND THEREFORE SHOULD BE FOUND JOINTLY AND SEVERALLY LIABLE ALONG WITH THE CORPORATE DEFENDANT; AND (2) PLAINTIFF WAS NOT EXEMPT UNDER THE EXECUTIVE, ADMINISTRATIVE, PROFESSIONAL, OR COMBINATION EXEMPTIONS; AND (3) LIABILITY HAS BEEN ESTABLISHED, AND THEREFORE THE MATTER CAN PROCEED TO A DAMAGES TRIAL AS AT LEAST SOME AMOUNT OF OVERTIME IS OWED TO THE PLAINTIFF.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**


**BY:___/s/___Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 7/13/18 TO:**

### **ALL CM/ECF RECIPIENTS**

**Susan Elizabeth Klock**
Rasco Klock Perez Nieto, P.L.
2555 Ponce De Leon Blvd, Suite 600
Coral Gables, FL 33134
305-476-7100
Email: sklock@rascoklock.com

**BY:\_\_\_/s/\_\_\_Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**