UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20012-Civ-COOKE/GOODMAN

JAIRO B. GOUSSEN and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

MENDEZ FUEL HOLDINGS LLC and
MICHAEL MENDEZ,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

    THIS MATTER is before me upon Plaintiff's Motion for Partial Summary Judgment ("Motion") (ECF No. 31). Defendants Mendez Fuel Holdings LLC ("MFH") and Michael Mendez ("Mendez") filed a Response in Opposition to the Motion (ECF No. 33), and Plaintiff timely filed a Reply (ECF No. 36). I have carefully considered the parties' motion papers, the record, and the relevant legal authorities. For the reasons set forth herein, Plaintiff's Motion is granted in part and denied in part.

### I. BACKGROUND

    From March 6, 2014, to December 7, 2017, Plaintiff Jairo Goussen was an employee at a gas station operated by Defendants in Miami, Florida.[1] *Compl.*, ECF No. 1, at ¶ 9. The nature of Plaintiff's employment is hotly contested here. Defendants assert that Plaintiff was the manager of the gas station's deli, with "free rein" to operate the deli as he saw fit, *Resp. in Opp'n*, ECF No. 33, at p. 5, while Plaintiff insists that he was merely "a regular employee"—specifically, a "cashier, cook, [and] customer service representative." *Jairo Goussen Aff.*, ECF No. 32-4, at ¶¶ 4, 8. What is not contested is that Plaintiff earned a salary of $650 per week. *See Pl.'s Stmt. of Material Facts*, ECF No. 32, at ¶ 4; *Michael Mendez Dep.*, ECF No. 32-1, at p. 31.

    Plaintiff seeks relief under the Fair Labor Standards Act ("FLSA"), claiming that he "worked an average of 62.5 hours a week for Defendants," but "was never paid the extra half time rate for any hours worked over 40 hours." *Compl.*, ECF No. 1, at ¶ 14. Plaintiff further claims that Defendants' alleged failure to pay overtime wages was willful, thus

---

[1] During the same time period, Plaintiff did additional work as a cashier at another gas station operated by Defendant Michael Mendez, where Plaintiff was paid an hourly wage. *See, e.g.*, *Michael Mendez Dep.*, ECF No. 32-1, at pp. 31–32. The parties have not squarely addressed the relevance of that fact to the ultimate issues in this case. In any event, Plaintiff's work at Defendant's "number two location" does not appear to be relevant to the Court's ruling on the instant Motion.

1

extending the statute of limitations for his FLSA claim from two years to three years. *Id.* at ¶ 15. In the instant Motion, Plaintiff seeks summary judgment on several elements of his claim. First, Plaintiff asks the Court to find as a matter of law that Defendant Michael Mendez, who owns and operates Defendant MFH, was Plaintiff's "employer" as that term is defined in the FLSA, and that Mendez is therefore individually liable to Plaintiff for any unpaid overtime wages. *Mot.*, ECF No. 31, at pp. 3–5. Second, Plaintiff asks the Court to find that he was not exempt from entitlement to overtime pay under the FLSA's executive, administrative, professional and combination exemptions. *Id.* at pp. 7–12. Third, Plaintiff asks the Court to find that he did indeed perform overtime work for which he was not paid, and therefore that "liability has been established, and . . . the matter can proceed to a damages trial." *Id.* at pp. 12–13.

In their Response to Plaintiff's Motion, Defendants argue that "[i]t is a disputed material fact [whether] Michael Mendez is an individual employer under the FLSA," as "it is disputed [whether] Michael Mendez personally runs the day to day operations of [MFH]." *Resp. in Opp'n*, ECF No. 33, at p. 3. Defendants assert that Plaintiff's duties at the gas station deli "were primarily managerial in nature," and that "there are genuine issues of material fact as to . . . whether his role created an exempt status." *Id.* at pp. 5, 13. Unsurprisingly, Defendants further deny that liability has been established as a matter of law. *Id.* at p. 13. Finally, although Defendants do not explicitly state as much, they appear to seek a finding as a matter of law that any alleged FLSA violations were not willful, and that Plaintiff's suit, filed on January 2, 2018, is therefore partially barred by the standard two-year statute of limitations. *See id.* at pp. 13–14.

In his Reply, Plaintiff reasserts his claims and argues that "[t]he issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court." *Reply*, ECF No. 36, at p. 3.

## II. LEGAL STANDARDS

### A. Summary Judgment

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In reviewing a motion for summary judgment, the Court is "required to view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1143 (11th Cir. 2007)). Importantly, "at the summary judgment stage the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter," but only "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### B. The Fair Labor Standards Act

"The Fair Labor Standards Act . . . requires employers to pay overtime compensation to covered employees." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1138 (2018). Certain exemptions from coverage apply, including for employees who are "employed in a

bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). In order for any of these "EAP" exemptions to apply—that is, for the employee not to be entitled to overtime pay under the FLSA—the employee must, among other things, be "compensated on a salary basis at a rate of not less than $455 per week." 29 C.F.R. § 541.600(a).[2]

Each of the EAP exemptions has its own additional duties test. Under the executive exemption, an employee who meets the above salary requirement must further: (1) have as his or her "primary duty" the "management of the enterprise in which the employee is employed"; (2) "customarily and regularly direct[] the work of two or more other employees"; and (3) "ha[ve] the authority to hire or fire other employees," or have his or her "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [be] given particular weight." 29 C.F.R. § 541.100(a). Under the administrative exemption, the employee's primary duty must: (1) be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (2) "include[] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). Under the professional exemption, the employee's primary duty must be "the performance of work": (1) "[r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction"; or (2) "[r]equiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a). Finally, under the "combination exemption," an employee "who perform[s] a combination of exempt duties . . . may qualify for exemption." 29 C.F.R. § 541.708.

The regulations make clear that "[a] job title alone is insufficient to establish the exempt status of an employee." 29 C.F.R. § 541.2. Instead, "[t]he exempt or nonexempt status of any particular employee must be determined on the basis of . . . the employee's salary and duties," as set forth above. *Id.* Moreover, "[e]xemptions to the FLSA 'are to be narrowly construed against the employer who asserts them.'" *Walters v. Am. Coach Lines of Miami, Inc.*, 569 F. Supp. 2d 1270, 1281 (S.D. Fla. 2008) (quoting *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir.1995)), *aff'd*, 575 F.3d 1221 (11th Cir. 2009).

An employer who violates the FLSA's overtime-pay rule is "liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Additionally, the FLSA "defines the term 'employer' broadly to include 'both the employer for whom the employee directly works as well as "any person acting directly or indirectly in the interests of an employer in relation to an employee."'" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662

---

[2] The Court notes that the Department of Labor recently amended these regulations, raising the salary level required in order to be exempt from overtime pay. However, shortly before the changes were scheduled to take effect, the District Court for the Eastern District of Texas issued a nationwide injunction on the new rule, finding that the new salary test effectively swallowed up the duties tests that are at the core of the EAP exemptions. *See Nevada v. United States Dep't of Labor*, 218 F. Supp. 3d 520, 534 (E.D. Tex. 2016). The District Court explicitly stated that it was "not making a general statement on the lawfulness of the salary-level test for the EAP exemption," but "evaluating only the salary-level test as amended." *Id.* at 529 n.2. Accordingly, I assume for purposes of this Motion that the regulation in effect prior to December 1, 2016, controls in this case. In so doing, I follow the lead of other courts that have addressed the same issue. *See Johnson v. Landtek, Inc.*, No. 4:17-CV-191 (CDL), 2018 WL 3978363, at *5 nn.3 & 4 (M.D. Ga. Aug. 20, 2018); *Buford v. Superior Energy Servs., LLC*, No. 4:17-CV-00323-KGB, 2018 WL 2465469, at *9 n.2 (E.D. Ark. June 1, 2018).

F.3d 1292, 1298 (11th Cir. 2011)). Thus, an officer or supervisor "with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Lamonica*, 711 F.3d at 1309 (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)).

Finally, any claim for unpaid overtime under the FLSA must be "commenced within two years after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

### III. DISCUSSION

In his Motion, Plaintiff argues that the facts of this case are so clearly settled in his favor that "liability has [already] been established," and the only thing remaining is to "proceed to a damages trial." *Mot.*, ECF No. 31, at pp. 12–13. Defendants offer a diametric view, suggesting that "[t]he only material fact *not* in dispute is that Plaintiff received a salary of more than $455.00 per week." *Resp. in Opp'n*, ECF No. 33, at p. 13 (emphasis added). Neither side is correct. As set forth below, the record does establish that Defendant Michael Mendez was Plaintiff's "employer" as defined in the FLSA, and that Plaintiff did not fall within the professional exemption from the overtime-pay requirement. The record does not, however, support Plaintiff's contention that the executive and administrative exemptions are inapplicable as a matter of law. Nor will the Court determine at this stage whether Defendants' alleged FLSA violations were willful.

#### A. Defendant Michael Mendez Was Plaintiff's "Employer" Under the FLSA

Plaintiff argues that he "was an FLSA employee of the individual defendant Michael Mendez," and that Mendez "therefore should be found jointly and severally liable along with the corporate defendant [MFH]." *Mot.*, ECF No. 31, at p. 13. Defendants, on the other hand, argue that "there are material facts in dispute as to Michael Mendez's role in the daily operations of Mendez Fuel Holdings, LLC, that preclude the Court granting Partial Summary Judgment as to this point." *Resp. in Opp'n*, ECF No. 33, at p. 12.

As noted above, an individual officer or supervisor may be held liable for unpaid wages under the FLSA where he or she exercises "control over 'significant aspects of [the company's] day-to-day functions, including compensation of employees or other matters in relation to an employee.'" *Lamonica*, 711 F.3d at 1314 (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)). "[W]hether an individual fits that definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" *Lamonica*, 711 F.3d at 1310 (quoting *Alvarez Perez*, 515 F.3d at 1160). Thus, an individual's job title within a company, and his or her ownership interest, are not in themselves dispositive. *See, e.g., Patel*, 803 F.2d at 637–38 (District Court properly found that the "President, director and a principal stockholder" of a corporation "did not take such an active role as to be held personally responsible"). Rather, in determining individual liability, the "primary concern is the supervisor's role in causing the FLSA violation." *Id.*

Here, any way you cut it, Defendant Mendez was Plaintiff's employer under the terms of the FLSA. To be sure, on a motion for summary judgment the Court "[must] credit the nonmoving party's version" of the facts. *Feliciano*, 707 F.3d at 1247 (quoting *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005)). The Court is not, however, "constrained to

4

accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458–59 (11th Cir. 1994). Thus, although Mendez states that he was "uninvolved on the day to day," *Michael Mendez Dep.*, ECF No. 32-1, at p. 49, it is clear from the record that Mendez had authority over all aspects of the company, and—critically—he exercised that authority. In the first place, Mendez was the "100 percent owner" of his eponymous fuel holding company, Defendant MFH. *Id.* at p. 18. If Mendez was not present at the gas station "every day," as one witness stated, *Flores Dep.*, ECF No. 32-9, at p. 21, he was by his own admission a "frequent" presence there. *Michael Mendez Dep.*, ECF No. 32-1, at p. 52. Mendez was also by his own admission "the person with the ultimate decision-making authority over the finances of the business." *Id.* at p. 26. He determined his employees' wages and "indirectly" signed their paychecks through an automated system. *Id.* at pp. 25–26; *see also, e.g.*, *Roca Dep.*, ECF No. 32-6, at p. 23 (witness stating that Mendez "decided what [her] rate of pay would be"); *Valenzuela Dep.*, ECF No. 32-11, at p. 21 (Mendez "ha[d] the most authority over the finances" and "sign[ed] checks for the business"). Mendez also hired and fired employees—indeed, he fired Plaintiff. *Michael Mendez Dep.*, ECF No. 32-1, at p. 23. Nor did he stand aloof from the daily goings-on at the deli. Mendez "work[ed] behind the deli" himself, *Flores Dep.*, ECF No. 32-9, at p. 36, and along with his brother, who helped manage the business, Mendez personally stocked the shelves. *Michael Mendez Dep.*, ECF No. 32-1, at p. 15.

In short, this is not one of those cases involving "absentee owners" who are immune from liability under the FLSA. *Lamonica*, 711 F.3d at 1313; *see also, e.g.*, *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 262 (8th Cir. 1963) (majority stockholder not liable where he "could have taken over and supervised . . . had he decided to do so," but "he did not" (quoted in *Alvarez Perez*, 515 F.3d at 1161)). I find that there is no genuine dispute as to whether Mendez was Plaintiff's employer under the terms of the FLSA, and I therefore grant summary judgment in favor of Plaintiff on this part of his claim.

### B. Plaintiff Has Failed to Establish That He Was Not an Executive Employee

The parties do not appear to dispute whether Plaintiff met the baseline requirements that are common to the executive, administrative and professional exemptions under the FLSA. Thus, the parties do not appear to dispute whether Plaintiff was "engaged in commerce or in the production of goods for commerce, or . . . employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Nor do the parties disagree that "Plaintiff received a salary of more than $455.00 per week." *Resp. in Opp'n*, ECF No. 33, at p. 13.

The parties do dispute, however, whether Plaintiff met the duties tests under any of the specific EAP exemptions. The first of these is the executive exemption, which applies to an employee: (1) "[w]hose primary duty is management of the enterprise in which the employee is employed"; (2) "[w]ho customarily and regularly directs the work of two or more other employees"; and (3) "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a). Here, Plaintiff argues that his "primary duties" at Defendant's gas station deli "were not those of management," but rather "cooking the food, preparation and serving the customers." *Mot.*, ECF No. 31, at p. 7. Plaintiff claims that he "did not supervise anyone" and "never directed the work of two or more employees." *Id.* at pp. 7–8. He further claims

that he "did not have the authority to hire or fire other employees." *Reply*, ECF No. 36, at p. 3. In a word, Plaintiff claims that "he was never a manager." *Mot.*, ECF No. 31, at p. 7.

Plaintiff has not met his burden. In reviewing a motion for summary judgment, the Court is "required to view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano*, 707 F.3d at 1247 (quoting *Skop*, 485 F.3d at 1143). Here, some witnesses do back up Plaintiff's claim that he was "never a manager"—particularly those witnesses who, like Plaintiff, say they were not paid overtime wages by Defendants. *See, e.g.*, *Larios Aff.*, ECF No. 32-7, at ¶¶ 3, 9; *Hernandez Aff.*, ECF No. 32-12, at ¶¶ 3, 9. However, there is also abundant evidence in the record refuting Plaintiff's claim. *See Michael Mendez Dep.*, ECF No. 32-1, at p. 9 (Plaintiff was "the manager of the deli"); *Valdez Dep.*, ECF No. 32-4, at pp. 4–5 (Plaintiff "was the manager of the deli"); *Roca Dep.*, ECF No. 32-6, at p. 12 (Plaintiff "was the manager"); *Roger Dep.*, ECF No. 32-10, at p. 8 (Plaintiff "was the deli manager"); *Delgado Dep.*, ECF No. 34-1, at pp. 7, 19 (Plaintiff "was in full charge of the deli" and "boss[ed] around the other employees at the deli").

Of course, "[a] job title alone is insufficient to establish the exempt status of an employee," which "must be determined on the basis of . . . the employee's salary and duties." 29 C.F.R. § 541.2. But Plaintiff has failed to demonstrate the absence of any genuine dispute on those latter points. First, there is a genuine dispute as to whether Plaintiff's "primary duty [was] management of the enterprise." 29 C.F.R. § 541.100(a)(2). "Generally, 'management' includes, but is not limited to, activities such as interviewing, selecting, and training of employees; . . . directing the work of employees; . . . appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; . . . disciplining employees; planning the work; . . . [and] apportioning the work among the employees." 29 C.F.R. § 541.102. Here, numerous witnesses stated that Plaintiff interviewed and hired new employees to work under him at the deli. *Michael Mendez Dep.*, ECF No. 32-1, at p. 43; *Valdez Dep.*, ECF NO. 32-4, at pp. 7–8; *Roca Dep.*, ECF No. 32-6, at p. 17; *Flores Dep.*, ECF No. 32-9, at p. 11; *Valenzuela Dep.*, ECF No. 32-11, at p. 19; *Delgado Dep.*, ECF No. 34-1, at pp. 16–17. Plaintiff himself admits that he trained the new employees. *Mot.*, ECF No. 31, at p. 8. Numerous witnesses stated that Plaintiff was responsible for directing, planning and apportioning other employees' work. *See Michael Mendez Dep.*, ECF No. 31-1, at pp. 61–62; *Andrew Mendez Dep.*, ECF No. 32-3, at p. 9; *Valdez Dep.*, ECF No. 32-4, at p. 11; *Medrano Dep.*, ECF No. 32-13, at p. 17; *Delgado Dep.*, ECF No. 34-1, at p. 18. Defendant Mendez testified that Plaintiff "would come talk to [him]" and "suggest" adjustments to particular employees' pay. *Michael Mendez Dep.*, ECF No. 32-1, at p. 62. And there is ample evidence that Plaintiff disciplined other deli employees. *See id.* at p. 41; *Roca Dep.*, ECF No. 32-6, at p. 20; *Medrano Dep.*, ECF No. 32-13, at pp. 6–7; *Ferrera Dep.*, ECF No. 34-2, at p. 13.

To be sure, Plaintiff also did a good deal of non-exempt work, including making juice and empanadas. *Valdez Dep.*, ECF No. 32-4, at p. 5. But the fact that Plaintiff was involved in "everything" happening at the deli, *id.*, does not mean his duties were primarily non-managerial—indeed, the same was true of Defendant Mendez. *See, e.g.*, *Flores Dep.*, ECF No. 32-9, at p. 21 (Mendez was involved "[i]n everything," including "work[ing] behind the deli"). "The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee," but "[t]ime alone . . . is not the sole test." 29 C.F.R. § 541.700(b). "Thus, for example, assistant managers in a

6

retail establishment who perform exempt executive work such as supervising and directing the work of other employees[ and] ordering merchandise . . . may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register." 29 C.F.R. § 541.700(c); *see also Calvo v. B & R Supermarket, Inc.*, 63 F. Supp. 3d 1369, 1381 (S.D. Fla. 2014) ("[T]he person in charge of a store is generally considered to have management as a primary duty, even if that person spends more aggregate time performing non-exempt duties and makes few significant decisions." (internal quotation marks and citations omitted)). In light of the record evidence outlined above, there is at least a triable question of fact as to whether Plaintiff's primary duty was exempt or non-exempt work.

There is also a genuine question as to whether Plaintiff satisfied the second prong of the executive exemption test, which requires that he "customarily and regularly direct the work" of at least "two full-time employees or their equivalent." 29 C.F.R. § 541.104(a); *see also* 29 C.F.R. § 541.100(a)(3). Plaintiff, who denies that he was a manager at all, insists that he "never directed the work of two or more employees." *Goussen Aff.*, ECF No. 32-4, at ¶ 12. Yet there is sufficient evidence in the record to call that claim into question. *See, e.g., Michael Mendez Dep.*, ECF No. 32-1, at pp. 44–46 (Plaintiff "[t]ypically" worked with two other employees, though Mendez was unsure whether he "overs[aw] . . . the equivalent of at least a total of 80 hours of work time"); *Valdez Dep.*, ECF No. 32-4, at p. 7 (Plaintiff "work[ed] with two people on a shift for several hours at least"); *Ferrera Dep.*, ECF No. 34-2, at pp. 12–13 ("When the plaintiff worked on his shift, . . . . there would be normally at least two other people in the deli.").

Finally, as already noted, there is a genuine dispute as to whether Plaintiff "ha[d] the authority to hire or fire other employees," or had his "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [be] given particular weight." 29 C.F.R. § 541.100(a)(4). Plaintiff says that he "never had the authority to hire employees," *Goussen Aff.*, ECF No. 32-4, at ¶ 13, but multiple witnesses say otherwise. *See, e.g., Michael Mendez Dep.*, ECF No. 32-1, at pp. 41–43 (Plaintiff hired employees and "could fire whoever he wanted"); *Valdez Dep.*, ECF No. 32-4, at pp. 7–8 (Plaintiff interviewed and hired employees); *Valenzuela Dep.*, ECF No. 32-11, at pp. 16, 19 (Plaintiff fired at least one employee, and his decisions on hiring were "always respected" by Mendez); *Delgado Dep.*, ECF No. 34-1, at pp. 16–17 (Plaintiff "was in charge of everything" regarding hiring).

In sum, Plaintiff has fallen far short of establishing that there is no genuine dispute of material fact as to whether the executive exemption applies here. Plaintiff's motion for summary judgment on this point is therefore denied. *Cf., e.g., Calvo*, 63 F. Supp. 3d at 1386 (assistant store manager at grocery store was exempt from overtime pay as an executive employee); *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268, 1279 (S.D. Fla. 2004) (same, regarding store manager at retail store), *aff'd*, 140 F. App'x 168 (11th Cir. 2005).

### C. Plaintiff Has Failed to Establish That He Was Not an Administrative Employee

Under the FLSA's administrative exemption, an employee is not entitled to overtime pay where his or her "primary duty": (1) "is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (2) "includes the exercise of discretion and independent

7

judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). As noted, an employee's primary duty is not determined solely by his or her job title or by the amount of time spent performing exempt work. *See* 29 C.F.R. § 541.2; 29 C.F.R. § 541.700(b). Rather, that determination "must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). One test for determining an employee's primary duty is to assess "what [he or] she does that is of principal value to the employer." *Calvo*, 63 F. Supp. 3d at 1381 (quoting *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990)).

Here, the record contains evidence that Plaintiff's primary duty was indeed "the performance of office or non-manual work directly related to . . . management or general business operations." 29 C.F.R. § 541.200(a)(2). Much of this evidence has been highlighted in discussing whether Plaintiff's "primary duty [was] management of the enterprise" under 29 C.F.R. § 541.100(a)(2). *See supra* Part III(B). Additionally, there is evidence that Plaintiff's employment was largely characterized by "paperwork" and maintaining "the inventory and making sure things were ordered." *Ferrera Dep.*, ECF No. 34-2, at p. 12. Witnesses stated that Plaintiff "organized the work" of the deli employees by "mak[ing] the list of what [they] had to do." *Flores Dep.*, ECF No 32-9, at p. 7; *see also, e.g.*, *Valdez Dep.*, ECF No. 32-4, at p. 11 (Plaintiff "ma[de] the schedule for the employees at the deli"). Indeed, there is evidence that Plaintiff's administrative work was the "principal value" he added to Defendants' business. *Calvo*, 63 F. Supp. 3d at 1381 (quoting *Dalheim*, 918 F.2d at 1227). According to Defendant Mendez, the fact that Plaintiff was "very good at managing the operations" and "making sure that everything was done" was "what saved him" from being fired "for a very long time," despite allegedly being "very bad" at other aspects of the job. *Mendez Dep.*, ECF No. 32-1, at pp. 41–42.

Whether Plaintiff's primary duty involved "the exercise of discretion and independent judgment with respect to matters of significance" is a closer call. 29 C.F.R. § 541.200(a). Certainly the Court is not "constrained to accept" Defendants' "factual characterizations," *Beal*, 20 F.3d at 458–59, such as Mendez's claim that Plaintiff had "free rein" in "running the operations" at the deli. *Michael Mendez Dep.*, ECF No. 32-1, at pp. 51–52. Nor are all the examples of Plaintiff's alleged independence and discretion—many having to do with the making and bottling juice—particularly compelling. *See, e.g.*, *id.*; *Andrew Mendez Dep.*, ECF No. 32-3, at p. 22–23; *Ferrera Dep.*, ECF No. 34-2, at p. 18. Nevertheless, witnesses other than Mendez have stated that Plaintiff was "the one who made the decisions" at the deli on a day-to-day basis, including on such important matters as ordering supplies and hiring new employees. *Flores Dep.*, ECF No 32-9, at p. 15; *see also, e.g.*, *Valenzuela Dep.*, ECF No. 32-11, at p. 19 (witness stating that Plaintiff did not "have to get Michael[ Mendez]'s authority for anything [he] can think of," including ordering supplies).

Therefore, Plaintiff has not established as a matter of law that he did not fall within the administrative exemption, and his motion for summary judgment on this point is denied.

### D. Plaintiff Was Not Exempt as a Professional Employee

Plaintiff has established that he was not exempt from overtime pay as a professional employee. Under the FLSA, a professional employee is one "[w]hose primary duty is the performance of work": (1) "[r]equiring knowledge of an advanced type in a field of science

8

or learning customarily acquired by a prolonged course of specialized intellectual instruction;" or (2) "[r]equiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(a)(2). While "[t]he FLSA regulations do not require that an exempt professional hold a bachelor's degree," they do "require that the duties of a professional entail advanced, specialized knowledge." *Stevins v. Provident Const. Co.*, 137 F. App'x 198, 199 (11th Cir. 2005).

Here, Defendant Mendez has acknowledged that in order for "Plaintiff to get [his] position" as the deli manager, he did not "have to have any particular education." *Michael Mendez Dep.*, ECF No. 32-1, at p. 54. Mendez states that Plaintiff does in fact "ha[ve] a degree from Nicaragua," but Mendez does not know "what it is," and admits that it "had nothing to do with [Plaintiff] getting hired." *Id.* at p. 55; *cf. Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1565 (11th Cir. 1991) (under the professional exemption, "the determinative factor is the job requirement and not the education in fact acquired by the employee"). While Plaintiff may have "work[ed] for McDonald's in Nicaragua" as "an operations type person," and may have "had a career . . . working in gas stations throughout Miami," *id.* at pp. 54–55, it is uncontested that in order for Plaintiff to obtain his position as deli manager at Defendants' gas station he did not "need to have any type of special education or professional certification." *Valenzuela Dep.*, ECF No. 32-11, at p. 23; *cf. Stevins*, 137 F. App'x at 199 n.2 (stressing the importance of exempt professionals being "required to take . . . specific courses to qualify for their jobs").

Accordingly, I find that Plaintiff has met his burden of establishing the absence of any genuine dispute as to whether he was a professional employee under the FLSA. I therefore grant summary judgment in favor of Plaintiff on this part of his claim.

### E. Plaintiff Has Failed to Establish That the Combination Exemption Does Not Apply

Because I find that Plaintiff has failed to establish that he was not an executive or administrative employee under the FLSA, *see supra* Parts III(B), (C), I also find that he has not established as a matter of law that the combination exemption should not apply. *See* 29 C.F.R. § 541.708 ("[A]n employee whose primary duty involves a combination of exempt administrative and exempt executive work may qualify for exemption."). I therefore deny Plaintiff's motion for summary judgment on this point.

### F. Plaintiff Has Failed to Establish That Defendants Are Liable for Unpaid Overtime Wages

Plaintiff argues that Defendants' "liability has [already] been established" on the existing record, and therefore "the matter can proceed to a damages trial." *Mot.*, ECF No. 31, at pp. 12–13. I disagree. Plaintiff's only stated basis for that claim is that he "was seen working more than 40 hours a week by co-worker Jose Tello." *Id.* at 12; *see also Tello Dep.*, ECF No. 32-8, at ¶ 6 ("Jairo Goussen regularly worked overtime while working for Mendez Fuel LLC and Michael Mendez."). Even if the statement of a single witness were sufficient to establish that Plaintiff performed overtime work, Plaintiff has failed to establish that he was entitled to overtime compensation under the FLSA. *See supra* Parts III(B), (C), (E). Plaintiff has thus failed to establish Defendants' liability, and his request for summary judgment on this point is denied.

### G. The Court Will Not Determine at This Stage Whether Any Alleged Violation of the FLSA Was Willful

In their Response to the Motion, Defendants note that Plaintiff's Complaint was filed on January 2, 2018, while his claims presumably extend back to early 2014, when he began working for Defendants. *Resp. in Opp'n*, ECF No. 33, at pp. 13–14. Thus, Defendants argue that even if Plaintiff were to establish that he performed overtime work for which he was not paid, his claim would be partially barred by the FLSA's statute of limitations. *Id.*; *see also* 29 U.S.C. § 255(a). Additionally, Defendants appear to argue, although they do not do so explicitly, that the Court should rule as a matter of law that any alleged violations were not willful, and therefore the standard two-year statute of limitations applies, as opposed to the three-year period for willful violations. *See Resp. in Opp'n*, ECF No. 33, at pp. 13–14 (arguing that "Plaintiff will fail in providing any evidence to meet the 'willful' threshold to survive Summary Judgment"). Plaintiff responds as if Defendants had indeed moved for summary judgment on this point, arguing that "[t]he issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court." *Reply*, ECF No. 36, at p. 3.

On this point, I agree with Plaintiff. "The issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition." *Morrison v. Quality Transports Servs., Inc.*, 474 F. Supp. 2d 1303, 1313 (S.D. Fla. 2007). Having determined that Plaintiff has failed to establish that Defendants violated the FLSA for purposes of the instant Motion, I will not decide whether or not any hypothetical violations were willful. To the extent that Defendants move for summary judgment on this point, their motion is denied.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment (ECF No. 31) is **GRANTED** *in part* and **DENIED** *in part*. The Court finds as follows:

A. Defendant Michael Mendez was Plaintiff's "employer" under the FLSA;

B. There is a genuine factual dispute as to whether Plaintiff was exempt from overtime wages as an executive employee;

C. There is a genuine factual dispute as to whether Plaintiff was exempt from overtime wages as an administrative employee;

D. Plaintiff was not exempt from overtime wages as a professional employee;

E. There is a genuine factual dispute as to whether Plaintiff was exempt from overtime wages under the combination exemption;

F. There is a genuine factual dispute as to whether Defendants are liable to Plaintiff for unpaid overtime wages; and

G. There is a genuine factual dispute as to whether Defendants' alleged violation of the FLSA, if any occurred, was willful.

**DONE and ORDERED** in chambers at Miami, Florida, this 10th day of October 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*