UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20012-Civ-COOKE/GOODMAN

JAIRO B. GOUSSEN and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

MENDEZ FUEL HOLDINGS LLC and
MICHAEL MENDEZ,

    Defendants.

_____/

## ORDER ON MOTIONS *IN LIMINE*

THIS MATTER is before me upon the Parties' Joint Summary of Motions *in Limine* ("Joint Summary") (ECF No. 40). Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), alleging that Defendants failed to pay him overtime wages during his employment at Defendants' gas station deli from March 2014 to December 2017. *See* Compl., ECF No. 1, at ¶ 14. In the Joint Summary, the Parties have presented five motions *in limine*.[1] I have reviewed the Joint Summary, the record, and the relevant legal authorities. For the reasons stated herein, it is **ORDERED and ADJUDGED** that the Parties' respective motions are **GRANTED** *in part* **and DENIED** *in part*.

### I. LEGAL STANDARDS

"A motion *in limine* presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial." *Soto v. Geico Indem. Co.*, 2014 WL 3644247, at *1 (M.D. Fla. July 21, 2014). "[A] trial court should only exclude evidence *in limine* where the evidence is clearly inadmissible for any purpose." *Id.* Under the Federal Rules of Evidence, "[r]elevant evidence is admissible" unless it is prohibited by the United States Constitution, a federal statute, the Rules themselves, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. "Evidence is relevant," in turn, if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in

---

[1] The Parties have amicably resolved certain other evidentiary issues that I do not address here. *See* Stip. as to Mot. *in Lim.* Topics, ECF No. 39, at p. 1.

1

determining the action." Fed. R. Evid. 401. Finally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. DISCUSSION

### A. Plaintiff's Motion *in Limine* Regarding His Taxes

During his employment with Defendants, Plaintiff was paid partly in cash. *See* Pl.'s Stmt. of Material Facts, ECF No. 32, at ¶ 4 ("Plaintiff got $650 a week with $400 direct deposit and $250 in cash."). In his sole motion *in limine*, Plaintiff asks the Court to preclude at trial "[a]ny reference to Plaintiff's payment or non-payment of federal income taxes and reporting of cash payments on said taxes." Joint Summ., ECF No. 40, at p. 2.

Most of the cases Plaintiff cites in support of his motion are inapposite. *Berlinger v. Wells Fargo, N.A.*, for example, did not involve the use at trial of evidence relating to a party's failure to pay federal taxes. *See* 2014 WL 6686276, at *2 (M.D. Fla. Nov. 26, 2014) (third party defendant not required to disclose her personal assets to her ex-husband and children in deposition). Meanwhile, *Solano v. A Navas Party Prod., Inc.*, and *Martinez-Pinillos v. Air Flow Filters, Inc.*, were both concerned with whether "an employee who fails to pay federal income taxes is barred by *in pari delicto* from suing under the FLSA." *Solano*, 728 F. Supp. 2d 1334, 1339–40 (S.D. Fla. 2010); *see also Martinez-Pinillos*, 738 F. Supp. 2d 1268, 1276 n.8 (S.D. Fla. 2010). These cases do *not* establish that evidence of Plaintiff's failure to pay federal taxes is "clearly inadmissible for any purpose." *Soto*, 2014 WL 3644247, at *1. To the contrary, "some courts have allowed defendants to inquire about a plaintiff's failure to pay income taxes to attack the plaintiff's credibility under Federal Rule of Evidence 608(b)." *Torres v. Rock & River Food Inc.*, 2016 WL 8716674, at *2 (S.D. Fla. May 11, 2016) (collecting cases).

The strongest support for Plaintiff's motion lies instead in the fact that Defendants do not oppose it. *See* Joint Summ., ECF No. 40, at p. 4. Defendants state that they have "[n]o objection" to Plaintiff's request, so long as "the same ruling is extended to Defendants," who evidently have concerns about their own "payment or non-payment of federal income taxes." *Id.* at pp. 4, 10; *see also infra* Part II(B). Plaintiff, however, argues that proof of Defendants' failure to pay taxes *should* come in at trial. Joint Summ., ECF No. 40, at p. 11. Plaintiff claims that such evidence is relevant to show their "volume of business," which will "create[] an

inference of [the] hours Plaintiff worked." *Id.*

The Court is not convinced that evidence of Defendants' "payment or non-payment" of their taxes is probative of how many hours Plaintiff worked. To the extent that Plaintiff seeks to paint a picture of Defendants' general "financial condition," *id.*, the Court will determine the admissibility of such evidence when it is offered at trial. With respect to any deficiencies in the Parties' respective tax returns, however, the danger is too great that such "collateral disputes" could distract from the actual issues in this case. *Torres*, 2016 WL 8716674, at *3. "Permitting questioning on the Plaintiff's income taxes could quickly devolve into issues of the Plaintiff's obligation to pay taxes versus the Defendants', who was the most at fault, as well as why the Plaintiff failed to pay taxes, which would raise the issue of the Plaintiff's immigration status." *Id.* Accordingly, the Court will grant Plaintiff's motion *in limine* regarding his taxes, and apply the same ruling to Defendants' motion. *See infra* Part II(B).

### B. Defendants' Motion *in Limine* Regarding Their Taxes and Finances

As noted, Defendants move to exclude "[a]ny reference to whether Defendants did or did not withhold Plaintiff's cash payments for tax purposes or deduct the cash payments for withholding on their tax returns." Joint Summ., ECF No. 40, at p. 10. Defendants further move to exclude "any evidence and testimony relating to [their] wealth, net worth, assets, or the location of the business/the individual Defendant[']s home location." *Id.* at pp. 11–12. For the reasons already stated, *see supra* Part II(A), evidence of the Parties' compliance or noncompliance with their tax obligations will be excluded from trial. The Court will address the admissibility of any evidence regarding Defendants' general finances, as well as their home and business locations, if and when it is offered at trial.

### C. Defendants' Motion *in Limine* Regarding Prior FLSA Lawsuits Against Them

Defendants "move to preclude all references at trial to any previous FLSA lawsuits filed against [them]." Joint Summ., ECF No. 40, at p. 4. The Court agrees with Defendants that "raising . . . prior employee lawsuit[s] would effectively create a 'mini-trial' about the merits of the previous case[s] and other 'collateral issues' that may not relate to the present case." *Bui v. Minority Mobile Sys., Inc.*, 2016 WL 6518804, at *1 (S.D. Fla. Jan. 28, 2016) (quoting *Anderson v. WBMG-42*, 253 F.3d 561, 567 (11th Cir. 2001)). Moreover, "Plaintiff can demonstrate Defendants' potential willfulness in violating the FLSA through witness testimonies or other evidence of Defendants' past actions and practices without mention of previous lawsuits." *Bui*,

2016 WL 6518804, at *1. Accordingly, Defendants' motion to exclude evidence of previous FLSA suits against them is granted.

The Court notes, however, that "while the[] witnesses may not reference any previous lawsuits brought against Defendants, they may, to the extent admissible, testify as to their experiences working for Defendants." *Id.* at *2; *see also infra* Part II(E).

**D. Defendants' Motion *in Limine* Regarding Prior FLSA Settlement Agreements**

Defendants additionally "move to preclude all references or testimony at trial to any previous settlement agreements in FLSA lawsuits filed against Defendants." Joint Summ., ECF No. 40, at p. 8. For the same reasons the Court grants Defendants' motion regarding the existence of other FLSA suits, *see supra* Part II(C), the Court also grants Defendants' motion regarding the settlement of such suits.

**E. Defendants' Motion *in Limine* Regarding Witnesses Tello and Larios**

Finally, Defendants "move to preclude any testimony from witnesses who were not listed by Plaintiff in either a witness list or initial disclosures, nor deposed in this case, prior to the close of fact discovery on June 22, 2018." Joint Summ., ECF No. 40, at p. 6. Defendants refer "specifically" to two such witnesses: Jose Tello and Jose Larios.[2] *Id.* Defendants concede, however, that "Plaintiff did mention Tello and Larios as witnesses to his alleged employment in his response to Interrogatory No. 4." *Id.* Plaintiff also filed affidavits signed by Tello and Larios on June 22, 2018—the last day of discovery—in support of Plaintiff's Motion for Partial Summary Judgment. *See* ECF Nos. 32-7, 32-8. Four days later, both witnesses were "included on Plaintiff's Amended Initial Disclosures." Joint Summ., ECF No. 40, at p. 7. Additionally, Plaintiff points out that "Defendants themselves failed to ever provide *any* form of initial disclosures" until approximately three months after the close of discovery, so that if Defendants' requested ruling were applied to themselves "none of Defendants' witnesses should be allowed" to testify at trial. *Id.* at pp. 7–8 (emphasis added).

"A trial court considering a motion to exclude a witness not listed on the initial disclosures should look to three factors: '(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if

---

[2] Defendants have not pointed to any other witnesses who fall into the category they seek to exclude. The Court does not decide here whether any other such witnesses who might emerge would be permitted to testify at trial.

4

the witness [is] allowed to testify.'" *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013) (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).

Here, "the importance of the testimony" of Tello and Larios is that both witnesses directly support Plaintiff's claim, stating that Plaintiff was not a manager at Defendants' gas station deli (and thus was not exempt from the FLSA's overtime-pay requirement), and that Plaintiff "regularly worked overtime." Larios Aff., ECF No. 32-7, at ¶¶ 8–9; *see also* Tello Aff., ECF No. 32-8, at ¶¶ 6–7. Larios also claims that he himself "worked around 20 overtime hours per week" for Defendants and "was never paid for [his] overtime hours."[3] Larios Aff., ECF No. 32-7, at ¶ 3. The "importance" factor therefore appears to weigh in favor of the witnesses' exclusion from trial. *Marcus*, 2013 WL 4777170, at *1–2 (noting, however, that this factor "seems to cut both ways," as the exclusion of an important witness is also a "harsher sanction" for the party offering the witness). As to the second factor, Plaintiff has not ventured any explanation at all for his failure to include these witnesses in his initial disclosures—an omission that is all the more striking given that Plaintiff's counsel has represented Tello and Larios in their own FLSA suits against Defendants. *See* Joint Summ., ECF No. 40, at p. 6.

In the end, however, the Court's decision is guided by the third factor—namely, the lack of prejudice to Defendants. As noted, Defendants concede that "Plaintiff did mention Tello and Larios as witnesses" in his response to an interrogatory during discovery. Joint Summ., ECF No. 40, at p. 6. Plaintiff also filed affidavits signed by Tello and Larios on June 22, 2018, the discovery deadline. *See* ECF Nos. 32-7, 32-8. And Plaintiff amended his initial disclosures to include Tello and Larios on June 26, 2018—only four days after the deadline, and more than four months before the date of this Order. Joint Summ., ECF No. 40, at p. 7. Finally, and critically, "Defendants themselves failed to ever provide any form of initial disclosures" to Plaintiff until several months after the discovery deadline. *Id.* To the extent that Defendants

---

[3] Defendants suggest that Larios, who brought his own FLSA suit against them, has "breached the terms of the settlement agreement" in his case by signing an affidavit in support of Plaintiff's claim. Joint Summ., ECF No. 40, at p. 9. However, Defendants have failed to establish that Larios violated the confidentiality and non-disparagement clauses of his settlement agreement merely by stating that he "was never paid for [his] overtime hours." Larios Aff., ECF No. 32-7, at ¶ 3. Moreover, "[c]ourts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transportation of Fla., LLC*, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016) (internal quotation marks and citations omitted). This issue has not been adequately briefed by the Parties, and the Court does not decide it here.

wish to present any of their own witnesses at trial, the equities do not weigh in favor of excluding Plaintiff's witnesses based on similar conduct. Therefore, Defendants' motion to exclude the testimony of Tello and Larios is denied.

### III. CONCLUSION

For the reasons stated above, the motions contained in the Parties' Joint Summary of Motions *in Limine* (ECF No. 40) are **GRANTED *in part* and DENIED *in part***, as follows:

- A. Plaintiff's motion *in limine* regarding his taxes is granted;
- B. Defendants' motion *in limine* regarding their taxes is granted, and the Court will determine the admissibility of any evidence regarding Defendants' finances when such evidence is offered at trial;
- C. Defendants' motion *in limine* regarding prior FLSA suits against them is granted;
- D. Defendants' motion *in limine* regarding the settlement of such prior FLSA suits is granted; and
- E. Defendants' motion *in limine* regarding witnesses Jose Tello and Jose Larios is denied.

**DONE and ORDERED** in chambers at Miami, Florida, this 7th day of November 2018.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*