UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-20012-MGC

JAIRO B. GOUSSEN, and all others similarly )
situated under 29 U.S.C. 216(b), )
                                                                Plaintiff, )
                                                                vs. )

MENDEZ FUEL HOLDINGS LLC, and )
MICHAEL MENDEZ, )
                                                   Defendants. )
_____ )

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, JAIRO B. GOUSSEN ("Plaintiff"), and Defendants, MENDEZ FUEL HOLDINGS LLC, and MICHAEL MENDEZ ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions[1]. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in

---
[1] The Plaintiff's fee ledger is attached hereto as "Exhibit A."

Page **1** of **4**

order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216, had the matter not settled, the Parties would have had to go to trial where the result could have gone either way.

The Parties have settled this case, despite their factual disputes, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation. The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.). A mutual general release of all claims was specifically bargained for during the settlement process and resolves all disputes between the Parties.

Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

The Settlement Funds shall be paid by Defendants, jointly and severally, and shall be disbursed by Plaintiff's Counsel, J.H. Zidell, P.A., and allocated as follows:

i. Plaintiff shall receive the total amount of Twelve Thousand Dollars and 00/100 Cents ($12,000.00), of which Six Thousand Dollars and 00/100 Cents ($6,000.00) represents alleged unpaid overtime wages and Six Thousand Dollars and 00/100 Cents ($6,000.00) represents alleged liquidated damages; and

ii. Plaintiff's Counsel shall receive the total amount of Twenty Three Thousand Dollars and 00/100 ($23,000.00), of which Eighteen Thousand Two Hundred Seventy Two Dollars and 30/100 Cents ($18,272.30) represents attorneys' fees and Four Thousand Seven Hundred and Twenty Seven Dollars and 70/100 Cents ($4,727.70) represents costs in this litigation.

Plaintiff shall receive his payments from each Installment Payment first until the entire twelve thousand dollars ($12,000.00) is paid out. Only after Plaintiff receives his entire twelve thousand dollars ($12,000.00), will Plaintiff's counsel receive any payments.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

Respectfully Submitted,

Dated this 30th day of November, 2018.

| | |
|---|---|
| J.H. ZIDELL, P.A. | RASCO KLOCK PEREZ & NIETO |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
| 300 71ST STREET, #605 | 255 PONCE DE LEON BLVD., SUITE 600 |
| MIAMI BEACH, FLA. 33141 | Coral Gables, FL 33134 |
| PH: 305-865-6766 | Tel: 305.476.7111 |
| FAX: 305-865-7167 | Fax: 305.675.7707 |
| F.B.N. 116745 | E-MAIL: sklock@rascoklock.com |
| E-MAIL:nstar.zidellpa@gmail.com | |
| | |
| BY:/S/ Natalie Staroschak, Esq.. | By: /s/ Susan Klock, Esq. |
| Natalie Staroschak, Esq. | Susan Klock, Esq. |